UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY HORIA, | ) |
|       Plaintiff, | ) Case No. 17-cv-08355 |
| v. | ) Judge Andrea R. Wood |
| NATIONWIDE CREDIT & COLLECTION, INC., | ) Magistrate Judge Daniel G. Martin |
|       Defendant. | ) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Nationwide Credit & Collection, Inc. ("Nationwide"), by its undersigned counsel, *respectfully* moves the Court for an Order dismissing Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Nationwide states as follows:

1. Plaintiff's Complaint asserts an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 429/9 ("ICAA") against Nationwide.

2. Plaintiff claims that on July 21, 2017, his attorneys at Community Lawyers Group sent a letter to Nationwide wherein they disputed a debt Plaintiff owed to Gottlieb Memorial Hospital. Plaintiff claims that Nationwide received this letter that same day, but when Plaintiff checked his credit report on August 1, 2017, Nationwide had not communicated to Experian that Plaintiff disputed the debt.

3. Plaintiff previously brought identical legal claims wherein his same lawyers sent the same letter to Nationwide on the same day, making the same request, and that Plaintiff checked his credit report on the same day but Nationwide had apparently made the same mistake. The only difference in the two cases is that the underlying account he owed to a different creditor

within the same health network. Plaintiff obtained a settlement on his previous claims. Plaintiff filed this lawsuit just a couple of weeks after his first lawsuit was dismissed. *See Henry Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103 (N.D. Ill. 2017).

4. Plaintiff's Complaint must be dismissed because this lawsuit is an attempt at impermissible "claim-splitting." Plaintiff has sought to split up the same claims based on the same facts into two separate lawsuits apparently for the purposes of finding an end-around of the FDCPA's cap of statutory damages at $1,000 per proceeding, and to obtain double attorneys' fees. Plaintiff could have and should have brought this claim in the above-referenced case as it arises out of the same acts by the same parties on the same dates, which formed the same factual basis for the same legal claims. However, now Plaintiff has brought a second lawsuit against Nationwide for conduct that had fully accrued into a purported claim prior to the first lawsuit even having been filed.

5. Plaintiff's Counsel has a history of failed attempts at impermissibly splitting their clients' claims. Further, judicial economy considerations give the court discretion to manage its docket and dismiss this second duplicative action.

6. As an additional grounds for dismissing Plaintiff's ICAA claim, Defendant moves to dismiss Plaintiff's ICAA claim on the grounds that no private right of action exists under that statute.

7. Nationwide incorporates herein by reference the arguments made and the authorities cited in its Memorandum of Law In Support of Motion to Dismiss Plaintiff's Complaint.

WHEREFORE, Defendant, Nationwide Credit & Collection, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant any other relief that this Court deems just and equitable.

300861444v1 1001509

Respectfully submitted,

*/s/ Brandon S. Stein*
Brandon S. Stein
David M. Schultz
**HINSHAW & CULBERTSON LLP**
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
bstein@hinshawlaw.com
dschultz@hinshawlaw.com

*Attorney for Defendant Nationwide Credit & Collection, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Motion to Dismiss Plaintiff's Complaint** by using the CM/ECF System, which will send notification of such filing(s) to all attorneys of record.

*/s/ Brandon S. Stein*

3