IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY HORIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-08355 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| NATIONWIDE CREDIT AND ) | |
| COLLECTION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Horia has sued Defendant Nationwide Credit and Collection, Inc. ("Nationwide") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425, *et seq*. Now before the Court is Nationwide's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) In its motion, Nationwide argues that Horia's claims are barred under the doctrine of *res judicata*. For the reasons that follow, the Court agrees and Nationwide's motion is thus granted.

### BACKGROUND

For purposes of the instant motion, the Court accepts the facts alleged in the complaint as true and draws all inferences in Horia's favor. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).

According to the complaint, Horia failed to pay a debt that he allegedly owed to Gottlieb Memorial Hospital and his account was placed with Nationwide for collection. (Compl. ¶¶ 10–12, Dkt. No. 1.) Sometime later, Horia consulted with attorneys at Community Lawyers Group ("CLG") regarding his debt. (*Id.* ¶ 13.) And on July 21, 2017, CLG sent a letter to Nationwide

indicating that Horia disputed the accuracy of the reported debt. (*Id.* ¶¶ 13–15.) Horia then obtained his credit report from Experian consumer credit reporting agency to verify that Nationwide had in fact reported that the debt was disputed. (*Id.* ¶ 17.) While the report showed that in August 2017 Nationwide communicated information regarding Horia's debt to Experian, Nationwide failed to disclose that the debt was disputed. (*Id.* ¶¶ 18, 19.) Horia alleges that this failure resulted in Experian materially lowering his credit score and caused him emotional distress. (*Id*. ¶¶ 25, 31.) Horia claims that, by failing to disclose the dispute to Experian, Nationwide has violated § 1692e(8) of the FDCPA (Count I), and the ICAA, 225 ILCS 425/9 (Count II). (*Id.* ¶¶ 34, 36.)

This is not Horia's first lawsuit against Nationwide. In his prior suit, *Horia v. Nationwide Credit & Collection, Inc.*, No. 17-cv-06103 (N.D. Ill.) ("*Horia I*"),[1] Horia alleged that Nationwide violated the exact same provisions of the FDCPA and the ICAA as in the present case, but the earlier suit concerned a debt owed to a different hospital ("*Horia I* debt"). (*See* Compl. ¶¶ 10, 34, 36, *Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103, Dkt. No. 1.) As alleged in *Horia I*, CLG sent a letter to Nationwide regarding the disputed debt. (*Id.* ¶¶ 13–15.) The letter was sent on the same day as and was identical to the letter in the present case, except that it referenced the *Horia I* debt. (*Compare* Ex. C to Compl., *Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103, Dkt. No. 1-1, *with* Ex. C to Compl., Dkt. No. 1-1.) As also alleged in the present case, Horia then obtained his credit report from Experian and found out that in August 2017 Nationwide failed to disclose the disputed nature of the *Horia I* debt. (Compl. ¶¶ 17–19, *Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103, Dkt. No. 1.)

---

[1] This Court takes judicial notice of *Horia I* and its docket entries. *See GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) ("[A] district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment."). Horia was also represented by CLG in *Horia I.*

2

Horia claimed that Nationwide's failure lowered his credit score and caused him emotional distress. (*Id.* ¶¶ 25, 31.) *Horia I* ultimately was dismissed with prejudice pursuant to a settlement agreement between the parties 16 days before the complaint in the present case was filed. (Nov. 1, 2017 Minute Entry, *Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103, Dkt. No. 15.)

In light of the dismissal with prejudice of *Horia I*, Nationwide now moves to dismiss the present case on the basis that Horia has engaged in impermissible claim-splitting by bringing the two suits separately. Nationwide argues that by splitting his claims, Horia is attempting to circumvent the $1,000 limit on statutory damages for an FDCPA action and allow CLG to recover attorney's fees twice. *See* 15 U.S.C. §§ 1692k(a)(2)(A), (a)(3).

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] Facts that are "merely consistent with" a defendant's liability and conclusory statements are, by themselves, insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, a claim may be considered plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[2] The Court observes that res *judicata* is an affirmative defense, and so the proper procedure would have been for Nationwide to plead it as an affirmative defense in its answer and then move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). However, the Seventh Circuit has held that the procedural error of raising an affirmative defense in a Rule 12(b)(6) motion is "of no consequence" when the court has in front of it all it needs to be able to rule on the defense. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Moreover, Rule 12(c) motions are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *See, e.g.*, *Pisciotta v. Old Nat. Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Accordingly, the Court will proceed to decide the issue as presented in the current motion.

Nationwide argues that Horia's FDCPA claim should be dismissed because it is an attempt at claim-splitting, which is prohibited under the doctrine of *res judicata*. *Res judicata* "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). When it applies, the doctrine precludes the subsequent litigation of claims that were raised or could have been raised in a prior action. *Barr v. Bd. of Tr. of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015). *Res judicata* "blocks a second lawsuit if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Id.* at 840 (citing *Palka*, 662 F.3d at 437).

The first element of *res judicata* is satisfied here because the parties are identical in *Horia I* and the present suit. The second element is also met, as a dismissal with prejudice pursuant to a settlement agreement is a final judgment on the merits. *See Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 808–09 (7th Cir. 2009). However, the parties dispute whether the third element is satisfied. Nationwide argues that due to the similarities between *Horia I* and the present case, the causes of action in the two cases are the same. Horia, on the other hand, contends that *res judicata* does not apply because the two cases concern two different debts.

To determine whether an identity of the cause of action exists, federal courts apply the "same transaction" test. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 & n.3 (7th Cir. 2011). The test is fact-oriented—"[t]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Id.* at 550 (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995)). In other words, "[w]hether there is an identity of the cause of action depends on whether the claims comprise the same core of operative

facts that give rise to a remedy." *Adams*, 742 F.3d at 736 (internal quotation marks omitted). And "[o]nce a transaction has caused [an] injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986).

In the present case, Horia has brought his FDCPA claim under the provision of that statute that prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the ***failure to communicate that a disputed debt is disputed***." 15 U.S.C. § 1692e(8) (emphasis added). Horia's FDCPA claim in *Horia I* was brought under the same provision. In both *Horia I* and the present case, Horia has disputed a debt held by debt collector Nationwide. In both cases, Nationwide allegedly knew or should have known that the debts at issue were disputed because Horia sent almost identical letters to Nationwide on July 21, 2017 to notify it of the disputed debts. In both cases, Horia obtained his Experian credit report and found out that the debts were not reported as being disputed.[3] Horia concluded in both cases that Nationwide had failed to communicate the disputed nature of his debts to Experian. And he alleges, in both cases, that due to such failure, his credit score decreased and he suffered emotional distress. Thus, the events leading to the two suits occurred at the same time and involved the same or nearly the same actions. The third element of *res judicata* is satisfied and therefore this action is barred.

---

[3] The credit report attached to the *Horia I* complaint appears to be the same credit report that is attached to the complaint in the present case, though different sections of the report are redacted. (*Compare* Ex. D to Compl., *Horia v. Nationwide Credit & Collection, Inc.*, Case No. 17-cv-06103, Dkt. No. 1-1, *with* Ex. D to Compl., Dkt. No. 1-1.)

This conclusion is consistent with the FDCPA's provision concerning damages, 15 U.S.C. § 1692k(a)(2)(A), under which an individual plaintiff is entitled to a maximum of $1,000 in statutory damages per suit regardless of whether a debt collector committed just one violation or multiple violations. *See Smith v. Greystone All., LLC*, 772 F.3d 448, 449 (7th Cir. 2014). To determine the appropriate amount of statutory damages, a court must consider "the frequency and persistence of noncompliance by the debt collector." 15 U.S.C. § 1692k(b)(1). Hence, Nationwide's noncompliance with the FDCPA regarding Horia's debt in the present case would have been a relevant factor to consider in awarding statutory damages in *Horia I*. But Nationwide's failure to report a second account as disputed would not have altered the statutory damages cap. Allowing the present suit to proceed would undermine the FDCPA's provision limiting statutory damages.

A similar situation arose in *Rockafellow v. Grant & Weber, Inc.*, No. 14-cv-09293 (N.D. Ill.), in which the plaintiff's attempt to circumvent the statutory damages cap was dismissed as impermissible claim-splitting. In *Rockafellow*, plaintiff's first suit alleged four violations of the FDCPA based on the defendant's attempts to collect a single debt. Tr. of Proceedings at 2, *Rockafellow v. Grant & Weber, Inc.*, No. 14-cv-09293 (N.D. Ill. April 20, 2015) (Dkt. No. 27). After a default judgment was entered and satisfied in the first suit, the plaintiff filed his second suit, alleging that another collection letter, mailed by the defendant while the first suit was still pending, violated the FDCPA. *Id.* at 2–3. The *Rockafellow* court reasoned that the FDCPA capped statutory damages at $1,000 per proceeding, not per violation, and while the plaintiff presented only four violations at the time he proved up the basis for the default judgment in the first case, he could have proved up the fifth violation (based on another collection letter), which had already occurred. *Id.* at 3. Had he done so, the plaintiff would not have been entitled to any additional

6

damages, as under the FDCPA, he had only one cause of action for all violations. *Id.* at 3–4. Thus, the court dismissed the plaintiff's second case. *Id.* at 4. The same reasoning applies here: Horia could have brought both of his FDCPA claims in the first suit and, had he done so, he would not have been entitled to additional statutory damages. Thus, like the second suit in *Rockafellow*, the present action appears to be an attempt by Horia to circumvent the FDCPA statutory damages cap via impermissible claim-splitting.

This Court's conclusion that Horia's FDCPA claim should be dismissed is further supported by the Seventh Circuit's decision in *Johnson v. UMG Recordings, Inc.*, 663 Fed. Appx. 478 (7th Cir. 2016).[4] In *Johnson*, a musician had brought a first lawsuit alleging copyright infringement due to the defendants' use of the plaintiff's song in multiple recordings. *Id.* at 479. After that lawsuit settled, the plaintiff sued some of the same defendants alleging that a different set of recordings infringed on the same song's copyright. *Id.* All of the alleged infringements took place before the initial suit was filed. *Id.* The Seventh Circuit found that the second suit was properly barred, reasoning that the theory behind the second suit was identical to the theory behind the first suit; if one defendant incorporated samples of the plaintiff's song into 100 of its releases, the plaintiff could not file 100 separate suits but instead must litigate all closely-related claims at once. *Id.* at 479–80. Here, like in *Johnson*, Horia's two suits are based on the same theories and concern closely-related claims that accrued before *Horia I* was filed. Horia's claims should have been litigated in one suit.

Horia nonetheless argues that *res judicata* does not apply here because the disputed transactions in *Horia I* and the present case occurred "on different dates, at different locations, and would be interpreted as two different and separate accounts by the unsophisticated

---

[4] *Johnson* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's reasoning is persuasive and provides a useful point of comparison here. *See* Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

consumer." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 5, Dkt. No. 22.) But Horia cites no cases where two separate lawsuits were allowed to proceed under similar circumstances as here—where two suits were brought against the same debt collector, who was notified on the same day (in a nearly identical fashion) about the disputed nature of the plaintiff's two debts, but failed to properly report the two debts to the same credit reporting agency around the same time. To the contrary, other district courts repeatedly have curbed similar attempts to split FDCPA claims.

For example, in *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, No. 17 CV 773, 2017 U.S. Dist. LEXIS 166984, at *1–2 (N.D. Ill. Oct. 10, 2017), a plaintiff brought his first lawsuit because a debt collector's letter contained misleading information. While the first lawsuit was still pending, the plaintiff brought his second suit based on the defendant's efforts to collect the same debt. *Id*. But the second suit concerned misleading information on a website that was referenced in the collector's letter (at issue in the first suit) and that the plaintiff visited after the first lawsuit was filed. *Id.* at *2. The court dismissed the second lawsuit as an impermissible attempt at claim-splitting, holding that the two suits involved the same series of transactions between the same parties. *Id.* at *3–4; *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1198 (D. Colo. 2013) (holding that the plaintiff's FDCPA claims were barred under the doctrine of *res judicata* when the plaintiff's two lawsuits concerned separate instances of the same course of conduct by the defendant—the defendant's failure to communicate the disputed nature of plaintiff's debt to the same credit reporting agency). While *Cooper* and *Hernandez* concerned the splitting of claims involving the same debt but different misleading communications, they illustrate courts' unwillingness to split FDCPA claims when the cases involve the same series of transactions between the same parties with only slight differences. This Court shares those concerns. Here too, Horia's lawsuits both concern the same series of transactions between the

8

same parties—namely, Nationwide's failure to report Horia's accounts as disputed around the same time. Therefore, the Court finds that Horia's FDCPA claim is barred under the doctrine of *res judicata*.

Horia's ICAA claim is based on the same factual allegations as his FDCPA claim (and his FDCPA claim in *Horia I*). "Even if the two claims are based on different legal theories, the two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (internal quotation marks omitted). Thus, Horia's state law claim under the ICAA is also barred under the doctrine of *res judicata* for the same reasons as his federal FDCPA claim. *See Czarniecki*, 633 F.3d at 550 (holding that plaintiff's federal and state law claims were barred under the doctrine of *res judicata* because they were based on the same set of factual allegations as his federal claims in his prior lawsuit).[5]

---

[5] This Court has supplemental jurisdiction over Horia's ICAA claim under 28 U.S.C. § 1367. As a general rule, when all federal claims are dismissed before trial, the district court should relinquish supplemental jurisdiction over any state law claims. *See Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015). But an exception exists for a situation when, as here, it is obvious how a state claim should be decided. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent [state] claim, there is no use leaving the latter to the state court." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Accordingly, this Court retains jurisdiction for purposes of resolving Horia's ICAA claim. *Cf. Czarniecki*, 633 F.3d at 550.

## CONCLUSION

For the foregoing reasons, Nationwide's motion to dismiss (Dkt. No. 13) is granted. Horia's claims are dismissed with prejudice.

ENTERED:

Dated: July 31, 2018

Andrea R. Wood
United States District Judge

10